## DIEDRICH ET AL. *v.* COMMISSIONER OF INTERNAL REVENUE

No. 80–2204.   Argued February 24, 1982—Decided June 15, 1982

BURGER, C. J., delivered the opinion of the Court, in which BRENNAN, WHITE, MARSHALL, BLACKMUN, POWELL, STEVENS, and O'CONNOR, JJ., joined.   REHNQUIST, J., filed a dissenting opinion, *post*, p. 200.

*Norman E. Beal* argued the cause and filed a brief for petitioners.

*Stuart A. Smith* argued the cause for respondent. With him on the brief were *Solicitor General Lee, Assistant Attorney General Archer, Jonathan S. Cohen,* and *Gilbert S. Rothenberg.** 

CHIEF JUSTICE BURGER delivered the opinion of the Court.

We granted certiorari to resolve a Circuit conflict as to whether a donor who makes a gift of property on condition that the donee pay the resulting gift tax receives taxable income to the extent that the gift tax paid by the donee exceeds the donor's adjusted basis in the property transferred. 454 U. S. 813 (1981). The United States Court of Appeals for the Eighth Circuit held that the donor realized income. 643 F. 2d 499 (1981). We affirm.

I

A

*Diedrich v. Commissioner of Internal Revenue*

In 1972 petitioners Victor and Frances Diedrich made gifts of approximately 85,000 shares of stock to their three children, using both a direct transfer and a trust arrangement. The gifts were subject to a condition that the donees pay the resulting federal and state gift taxes. There is no dispute concerning the amount of the gift tax paid by the donees. The donors' basis in the transferred stock was $51,073; the gift tax paid in 1972 by the donees was $62,992. Petitioners did not include as income on their 1972 federal income tax returns any portion of the gift tax paid by the donees. After

---

*\*William Waller* filed a brief for Ralph Owen et al. as *amici curiae* urging reversal.

*Joseph C. Niebler* filed a brief for Laird C. Cleaver et ux. as *amici curiae.*

an audit the Commissioner of Internal Revenue determined that petitioners had realized income to the extent that the gift tax owed by petitioners but paid by the donees exceeded the donors' basis in the property. Accordingly, petitioners' taxable income for 1972 was increased by $5,959.[1] Petitioners filed a petition in the United States Tax Court for redetermination of the deficiencies. The Tax Court held for the taxpayers, concluding that no income had been realized. 39 TCM 433 (1979).

B

*United Missouri Bank of Kansas City* v. *Commissioner of Internal Revenue*

In 1970 and 1971 Mrs. Frances Grant gave 90,000 voting trust certificates to her son on condition that he pay the resulting gift tax. Mrs. Grant's basis in the stock was $8,742.60; the gift tax paid by the donee was $232,620.09 As in *Diedrich*, there is no dispute concerning the amount of the gift tax or the fact of its payment by the donee pursuant to the condition.

Like the Diedrichs, Mrs. Grant did not include as income on her 1970 or 1971 federal income tax returns any portion of the amount of the gift tax owed by her but paid by the donee. After auditing her returns, the Commissioner determined that the gift of stock to her son was part gift and part sale, with the result that Mrs. Grant realized income to the extent that the amount of the gift tax exceeded the adjusted basis in the property. Accordingly, Mrs. Grant's taxable income was increased by approximately $112,000.[2] Mrs. Grant filed

---

[1] Subtracting the stock basis of $51,073 from the gift tax paid by the donees of $62,992, the Commissioner found that petitioners had realized a long-term capital gain of $11,919. After a 50% reduction in long-term capital gain, 26 U. S. C. § 1202, the Diedrichs' taxable income increased by $5,959.

[2] The gift taxes were $232,630.09. Subtracting the adjusted basis of $8,742.60, the Commissioner found that Mrs. Grant realized a long-term capital gain of $223,887.49. After a 50% reduction for long-term capital

a petition in the United States Tax Court for redetermination of the deficiencies. The Tax Court held for the taxpayer, concluding that no income had been realized. *Grant* v. *Commissioner*, 39 TCM 1088 (1980).

## C

The United States Court of Appeals for the Eighth Circuit consolidated the two appeals and reversed, concluding that "to the extent the gift taxes paid by donees" exceeded the donors' adjusted bases in the property transferred, "the donors realized taxable income." 643 F. 2d, at 504. The Court of Appeals rejected the Tax Court's conclusion that the taxpayers merely had made a "net gift" of the difference between the fair market value of the transferred property and the gift taxes paid by the donees. The court reasoned that a donor receives a benefit when a donee discharges a donor's legal obligation to pay gift taxes. The Court of Appeals agreed with the Commissioner in rejecting the holding in *Turner* v. *Commissioner*, 49 T. C. 356 (1968), aff'd *per curiam*, 410 F. 2d 752 (CA6 1969), and its progeny, and adopted the approach of *Johnson* v. *Commissioner*, 59 T. C. 791 (1973), aff'd, 495 F. 2d 1079 (CA6), cert. denied, 419 U. S. 1040 (1974), and *Estate of Levine* v. *Commissioner*, 72 T. C. 780 (1979), aff'd, 634 F. 2d 12 (CA2 1980). We granted certiorari to resolve this conflict, and we affirm.

## II

### A

Pursuant to its constitutional authority, Congress has defined "gross income" as income "from whatever source derived," including "[i]ncome from discharge of indebtedness."

---

gain, 26 U. S. C. § 1202, Mrs. Grant's taxable income increased by $111,943.75.

During pendency of this lawsuit, Mrs. Grant died and the United Missouri Bank of Kansas City, the decedent's executor, was substituted as petitioner.

26 U. S. C. § 61 (12).[3]   This Court has recognized that "income" may be realized by a variety of indirect means.   In *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716 (1929), the Court held that payment of an employee's income taxes by an employer constituted income to the employee. Speaking for the Court, Chief Justice Taft concluded that "[t]he payment of the tax by the employe[r] was in consideration of the services rendered by the employee and was a gain derived by the employee from his labor." *Id.*, at 729. The Court made clear that the substance, not the form, of the agreed transaction controls.   "The discharge by a third person of an obligation to him is equivalent to receipt by the person taxed." *Ibid.*   The employee, in other words, was placed in a better position as a result of the employer's discharge of the employee's legal obligation to pay the income taxes; the employee thus received a gain subject to income tax.

The holding in *Old Colony* was reaffirmed in *Crane* v. *Commissioner*, 331 U. S. 1 (1947).   In *Crane* the Court concluded that relief from the obligation of a nonrecourse mortgage in which the value of the property exceeded the value of the mortgage constituted income to the taxpayer.   The taxpayer in *Crane* acquired depreciable property, an apartment building, subject to an unassumed mortgage.   The taxpayer later sold the apartment building, which was still subject to the nonrecourse mortgage, for cash plus the buyer's assump-

---

[3] The United States Constitution provides that Congress shall have the power to lay and collect taxes on income "from whatever source derived." Art. I, § 8, cl. 1; Amdt. 16.

In *Helvering* v. *Bruun*, 309 U. S. 461, 469 (1940), the Court noted:

"While it is true that economic gain is not always taxable as income, it is settled that the realization of gain need not be in cash derived from the sale of an asset.   Gain may occur as a result of exchange of property, *payment of the taxpayer's indebtedness, relief from a liability*, or other profit realized from the completion of a transaction." (Emphasis supplied.)

tion of the mortgage. This Court held that the amount of the mortgage was properly included in the amount realized on the sale, noting that if the taxpayer transfers subject to the mortgage,

> "the benefit to him is as real and substantial as if the mortgage were discharged, or as if a personal debt in an equal amount had been assumed by another." *Id.*, at 14.[4]

Again, it was the "reality," not the form, of the transaction that governed. *Ibid.* The Court found it immaterial whether the seller received money prior to the sale in order to discharge the mortgage, or whether the seller merely transferred the property subject to the mortgage. In either case the taxpayer realized an economic benefit.

### B

The principles of *Old Colony* and *Crane* control.[5] A common method of structuring gift transactions is for the donor

---

[4] In *Crane* the taxpayer received favorable tax treatment for the loan and was allowed depreciation on the property. The Court concluded that the taxpayer could not then later escape taxation after having received these benefits when the loan obligation was assumed by another.

Whether income would have been realized in *Crane* if the value of the property at the time of transfer had been less than the amount of the mortgage need not be considered here. See *Crane*, 331 U. S., at 14, n. 37.

[5] Although the Commissioner has argued consistently that payment of gift taxes by the donee results in income to the donor, several courts have rejected this interpretation. See, *e. g.*, *Turner* v. *Commissioner*, 49 T. C. 356 (1968), aff'd *per curiam*, 410 F. 2d 752 (CA6 1969); *Hirst* v. *Commissioner*, 572 F. 2d 427 (CA4 1978) (en banc). Cf. *Johnson* v. *Commissioner*, 495 F. 2d 1079 (CA6), cert. denied, 419 U. S. 1040 (1974).

It should be noted that the *gift* tax consequences of a conditional gift will be unaffected by the holding in this case. When a conditional "net" gift is given, the gift tax attributable to the transfer is to be deducted from the value of the property in determining the value of the gift at the time of transfer. See Rev. Rul. 75–72, 1975–1 Cum. Bull. 310 (general formula for computation of gift tax on conditional gift); Rev. Rul. 71–232, 1971–1 Cum. Bull. 275.

to make the gift subject to the condition that the donee pay the resulting gift tax, as was done in each of the cases now before us. When a gift is made, the gift tax liability falls on the donor under 26 U. S. C. § 2502(d).[6] When a donor makes a gift to a donee, a "debt" to the United States for the amount of the gift tax is incurred by the donor. Those taxes are as much the legal obligation of the donor as the donor's income taxes; for these purposes they are the same kind of debt obligation as the income taxes of the employee in *Old Colony, supra.* Similarly, when a donee agrees to discharge an indebtedness in consideration of the gift, the person relieved of the tax liability realizes an economic benefit. In short, the donor realizes an immediate economic benefit by the donee's assumption of the donor's legal obligation to pay the gift tax.

An examination of the donor's intent does not change the character of this benefit. Although intent is relevant in determining whether a gift has been made, subjective intent has not characteristically been a factor in determining whether an individual has realized income.[7] Even if intent

---

[6] "The tax imposed by section 2501 shall be paid by the donor."

Section 6321 imposes a lien on the personal property of the donor when a tax is not paid when due. The donee is secondarily responsible for payment of the gift tax should the donor fail to pay the tax. 26 U. S. C. § 6324(b). The donee's liability, however, is limited to the value of the gift. *Ibid.* This responsibility of the donee is analogous to a lien or security. *Ibid.* See also S. Rep. No. 665,. 72d Cong., 1st Sess., 42 (1932); H. R. Rep. No. 708, 72d Cong., 1st Sess., 30 (1932).

[7] Several courts have found it highly significant that the donor intended to make a gift. *Turner* v. *Commissioner, supra; Hirst* v. *Commissioner, supra.* It is not enough, however, to state that the donor intended simply to make a gift of the amount which will remain after the donee pays the gift tax. As noted above, subjective intent has not characteristically been a factor in determining whether an individual has realized income. In *Commissioner* v. *Duberstein,* 363 U. S. 278, 286 (1960), the Court noted that "the donor's characterization of his action is not determinative." See also *Minnesota Tea Co.* v. *Helvering,* 302 U. S. 609, 613 (1938) ("A given result at the end of a straight path is not made a different result because reached by following a devious path").

were a factor, the donor's intent with respect to the condition shifting the gift tax obligation from the donor to the donee was plainly to relieve the donor of a debt owed to the United States; the choice was made because the donor would receive a benefit in relief from the obligation to pay the gift tax.[8]

Finally, the benefit realized by the taxpayer is not diminished by the fact that the liability attaches during the course of a donative transfer. It cannot be doubted that the donors were aware that the gift tax obligation would arise immediately upon the transfer of the property; the economic benefit to the donors in the discharge of the gift tax liability is indistinguishable from the benefit arising from discharge of a preexisting obligation. Nor is there any doubt that had the donors sold a portion of the stock immediately before the gift transfer in order to raise funds to pay the expected gift tax, a taxable gain would have been realized. 26 U. S. C. § 1001. The fact that the gift tax obligation was discharged by way of a conditional gift rather than from funds derived from a pregift sale does not alter the underlying benefit to the donors.

## C

Consistent with the economic reality, the Commissioner has treated these conditional gifts as a discharge of indebtedness through a part gift and part sale of the gift property transferred. The transfer is treated as if the donor sells the property to the donee for less than the fair market value. The "sale" price is the amount necessary to discharge the gift

---

[8] The existence of the "condition" that the gift will be made only if the donee assumes the gift tax consequences precludes any characterization that the payment of the taxes was simply a gift from the donee back to the donor.

A conditional gift not only relieves the donor of the gift tax liability, but also may enable the donor to transfer a larger sum of money to the donee than would otherwise be possible due to such factors as differing income tax brackets of the donor and donee.

tax indebtedness; the balance of the value of the transferred property is treated as a gift. The gain thus derived by the donor is the amount of the gift tax liability less the donor's adjusted basis in the entire property. Accordingly, income is realized to the extent that the gift tax exceeds the donor's adjusted basis in the property. This treatment is consistent with § 1001 of the Internal Revenue Code, which provides that the gain from the disposition of property is the excess of the amount realized over the transferor's adjusted basis in the property.[9]

### III

We recognize that Congress has structured gift transactions to encourage transfer of property by limiting the tax consequences of a transfer. See, e. g., 26 U. S. C. § 102 (gifts excluded from donee's gross income). Congress may obviously provide a similar exclusion for the conditional gift. Should Congress wish to encourage "net gifts," changes in the income tax consequences of such gifts lie within the legislative responsibility. Until such time, we are bound by Congress' mandate that gross income includes income "from whatever source derived." We therefore hold that a donor who makes a gift of property on condition that the donee pay the resulting gift taxes realizes taxable income to the extent

---

[9] Section 1001 provides:

"(a) *Computation of gain or loss.*—The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 1011 for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized.

"(b) *Amount realized.*—The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received. . . ."

"By treating conditional gifts as a part gift and part sale, income is realized only when highly appreciated property is transferred, for only highly appreciated property will result in a gift tax greater than the adjusted basis."

that the gift taxes paid by the donee exceed the donor's adjusted basis in the property.[10]

The judgment of the United States Court of Appeals for the Eighth Circuit is

*Affirmed.*

JUSTICE REHNQUIST, dissenting.

It is a well-settled principle today that a taxpayer realizes income when another person relieves the taxpayer of a legal obligation in connection with an otherwise taxable transaction. See *Crane* v. *Commissioner*, 331 U. S. 1 (1947) (sale of real property); *Old Colony Trust Co.* v. *Commissioner*, 279 U. S. 716 (1929) (employment compensation). In neither *Old Colony* nor *Crane* was there any question as to the existence of a taxable transaction; the only question concerned the amount of income realized by the taxpayer as a result of the taxable transaction. The Court in this case, however, begs the question of whether a taxable transaction has taken place at all when it concludes that "[t]he principles of *Old Colony* and *Crane* control" this case. *Ante*, at 196.

In *Old Colony*, the employer agreed to pay the employee's federal tax liability as part of his compensation. The employee provided his services to the employer in exchange for compensation. The exchange of compensation for services was undeniably a taxable transaction. The only question was whether the employee's taxable income included the employer's assumption of the employee's income tax liability.

In *Crane*, the taxpayer sold real property for cash plus the buyer's assumption of a mortgage. Clearly a sale had occurred, and the only question was whether the amount of the

---

[10] Petitioners argue that even if this Court holds that a donor realizes income on a conditional gift to the extent that the gift tax exceeds the adjusted basis, that holding should be applied prospectively and should not apply to the taxpayers in this case. In this case, however, there was no dispositive Eighth Circuit holding prior to the decision on review. In addition, this Court frequently has applied decisions which have altered the tax law and applied the clarified law to the facts of the case before it. See, e. g., *United States* v. *Estate of Donnelly*, 397 U. S. 286, 294-295 (1970).

mortgage assumed by the buyer should be included in the amount realized by the taxpayer. The Court rejected the taxpayer's contention that what she sold was not the property itself, but her equity in that property.

Unlike *Old Colony* or *Crane*, the question in this case is not the amount of income the taxpayer has realized as a result of a concededly taxable transation, but whether a taxable transaction has taken place at all. Only *after* one concludes that a partial sale occurs when the donee agrees to pay the gift tax do *Old Colony* and *Crane* become relevant in ascertaining the amount of income realized by the donor as a result of the transaction. Nowhere does the Court explain why a gift becomes a partial sale merely because the donor and donee structure the gift so that the gift tax imposed by Congress on the transaction is paid by the donee rather than the donor.

In my view, the resolution of this case turns upon congressional intent: whether Congress intended to characterize a gift as a partial sale whenever the donee agrees to pay the gift tax. Congress has determined that a gift should not be considered income to the donee. 26 U. S. C. § 102. Instead, gift transactions are to be subject to a tax system wholly separate and distinct from the income tax. See 26 U. S. C. § 2501 *et seq.* Both the donor and the donee may be held liable for the gift tax. §§ 2502(d), 6324(b). Although the primary liability for the gift tax is on the donor, the donee is liable to the extent of the value of the gift should the donor fail to pay the tax. I see no evidence in the tax statutes that Congress forbade the parties to agree among themselves as to who would pay the gift tax upon pain of such an agreement being considered a taxable event for the purposes of the income tax. Although Congress could certainly determine that the payment of the gift tax by the donee constitutes income to the donor, the relevant statutes do not affirmatively indicate that Congress has made such a determination.

I dissent.