**ESTATE OF Norman D. WEEDEN, Deceased, William F. Weeden, Executor, Appellees,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

**No. 80–7127.**

United States Court of Appeals, Ninth Circuit.

Argued Dec. 17, 1981.

Submission Withheld Dec. 18, 1981.

Resubmitted Aug. 17, 1982.

Decided Aug. 31, 1982.

Ernest C. Brown, Bronson, Bronson & McKinnon, San Francisco, Cal., argued, for appellant; Gilbert S. Rothenberg, Washington, D.C., on brief.

John M. Hammerman, Taylor, Winokur, Schoenberg & Maier, San Francisco, Cal., for appellees.

Before MERRILL and WRIGHT, Circuit Judges, and EAST,* District Judge.

EAST, Senior District Judge:

The Commissioner of Internal Revenue Service (Commissioner) appeals from the Decision of the Tax Court, entered on December 12, 1979, which held that Norman Weeden [1] realized no income as a result of the transfer of property to his nephews, conditioned on their payment of the resulting gift taxes.

We note jurisdiction and reverse.

FACTS

In 1968, Weeden gave 12,075 shares of stock in Weeden & Co., a stock brokerage business, to his four nephews, on the written condition that they pay the resulting gift taxes. On January 24, 1969, each nephew paid his share of the federal and state gift taxes. After an audit, the total federal tax paid by the four donees amounted to approximately $91,911.00.

In May, 1970, Weeden died. At the time of his death, the stock had a fair market value of $422,625.00, and the decedent's basis in the stock was $7,404.00. Weeden had not reported any income in connection with the transfer of the stock on either his 1968

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Norman Weeden died in May, 1970. Thus, his estate is named party plaintiff-appellee to this appeal.

or 1969 federal income tax returns. The Commissioner determined that the transfers resulted in $42,253.00 [2] of income to Weeden, taxable in the year the gift taxes were paid (1969), and issued a deficiency notice for that year. On appeal, the Tax Court held for Weeden on the taxable income issue. We are bound to a reversal.

DISCUSSION

█ In *Diedrich*, the Supreme Court held that a donor who makes a gift of property on the condition that the donee pay the resulting gift taxes realizes taxable income to the extent that the gift taxes paid by the donee exceed the donor's adjusted basis in the property. *Diedrich v. Commissioner*, —— U.S. ——, at ——, 102 S.Ct. 2414 at 2418, 72 L.Ed.2d 777 (1982), citing *Crane v. Commissioner*, 331 U.S. 1, 67 S.Ct. 1047, 91 L.Ed. 1301 (1947), and *Old Colony Trust Co. v. Commissioner*, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918 (1929). The Court's ruling, therefore, mandates that we reverse the Tax Court's decision that Weeden realized no income from the conditional gift of the stock to his nephews.

The Court in *Diedrich*, however, did not decide the second issue presented for decision in this case—that is, whether the resulting income is taxable to the donor in the year of the transfer of the gift property or in the year in which the donee pays the donor's gift tax. Since this "timing" issue, one of first impression, has been fully briefed and argued before this court, it is now ripe for decision.

The Commissioner contends that the gain realized by Weeden as a result of the transfers in question is properly taxable in the year in which the gift taxes were paid (1969). The Commissioner bases his argument on the rationale that until the time the taxes were paid by the donee, the donor remained personally liable for the taxes, and the nephews' unsecured promises to pay did not amount to income to the decedent, a cash basis taxpayer, since the obligations could not be assigned a fair market value.

In contrast, the taxpayer argues that any income realized from the gifts at issue is taxable in 1968, the year in which the transfers were made and the donees executed their written promises to pay the resulting gift taxes. The estate asserts that any gain realized by the decedent occurred at the time the property was transferred in exchange for the nephews' promises to pay the taxes, and that the fact that the nephews actually fulfilled those obligations at a later date is irrelevant.

We agree with the Commissioner that Weeden realized income from his gift conditioned on his nephews' payment of the gift taxes in 1969, the year the taxes were paid. We base our decision on several policy considerations.

First, we note that Weeden was a cash basis taxpayer, and therefore reported income when received rather than when earned. Under Int.Rev.Code § 1001(b), the cash basis taxpayer must report income received in the form of property only if the property is the equivalent of cash. To be the equivalent of cash, the property must have an ascertainable fair market value. *Warren Jones Co. v. Commissioner*, 524 F.2d 788 (9th Cir. 1975); *Heller Trust v. Commissioner*, 382 F.2d 675, 681 (9th Cir. 1967).

█ If a promise to pay in the future is contingent on unknown facts or circumstances, or if the right to receive payment is speculative, then the obligation may have no ascertainable fair market value. In this situation, a cash basis taxpayer realizes no income as a result of the contract until payment is made. *Burnet v. Logan*, 283 U.S. 404, 51 S.Ct. 550, 75 L.Ed. 1143 (1931); *Warren Jones v. Commissioner*, 524 F.2d at 794. *Compare In re Steen*, 509 F.2d 1398, 1403–04 (9th Cir. 1975) (right to payment depended on favorable judicial decision on novel question of state law); *Willhoit v. Commissioner*, 308 F.2d 259 (9th Cir. 1962) (no market existed for high risk contracts);

**2.**

| | |
|---|---|
| Gift tax liability paid | $91,911.00 |
| Less basis in stock transferred | 7,404.00 |
| Long-term capital gain | 84,507.00 |
| 50% deduction for capital gain | 42,254.00 |
| Increase in taxable income | $42,253.00 |

*Phillips v. Frank,* 295 F.2d 629 (9th Cir. 1961) (uncontradicted testimony that highly speculative contracts could not have been sold) *with United States v. Davis,* 370 U.S. 65, 71–74, 82 S.Ct. 1190, 1193–95, 8 L.Ed.2d 355 (1962) (wife's release of her marital rights in a property settlement agreement held to have fair market value equal to the value of the property that her husband transferred to her in exchange).

In the case of a conditional gift like the one at hand, the donee's promise to pay the resulting gift taxes has no ascertainable market value. In the present case, the nephews' promises to pay were unmarketable because the benefit of the promise ran only to Weeden. The promise to pay another's tax liability to the government has no possible benefit to any other person, unlike a situation in which the promise is to give the donor cash in the amount of the taxes.

Second, until the gift taxes were paid by either the nephews or Weeden he and his property[3] remained primarily liable. Weeden was not relieved of this liability until his nephews actually paid the taxes owing on the gift in 1969. Thus, Weeden's benefit was the discharge from liability in 1969, and not the promise to pay in the future, made at the time of the transfer.

In light of these policy considerations, we are convinced that the correct rule is that the donor realizes income when the donee pays the donor's gift tax liability. The decision of the Tax Court is reversed and the cause is remanded to the Tax Court to hold, in the absence of a stipulated judgment by the parties, a hearing for the purpose of adjudicating the income tax liability of the Estate of Norman D. Weeden, deceased, in conformity with the foregoing.

REVERSED AND REMANDED.

3. 26 U.S.C. § 2502(d) states that gift tax liability falls primarily on the donor. Section 6321 imposes a lien on the personal property of the donor when a tax is not paid when due. The donee is secondarily responsible for payment of the gift tax in the event that the donor fails to pay; the donee's liability is limited, however, to the value of the gift. 26 U.S.C. § 6324(b).