T.C. Memo. 2001-133


UNITED STATES TAX COURT


MATRIXINFOSYS TRUST, ANDY HROMIKO, TRUSTEE, Petitioner
v. COMMISSIONER OF INTERNAL REVENUE, Respondent

ANDY HROMIKO, Petitioner v. COMMISSIONER
OF INTERNAL REVENUE, Respondent


Docket Nos. 8897-99, 15974-99.          Filed June 7, 2001.


Andy Hromiko (a trustee), for petitioner in docket
     No. 8897-99.

Andy Hromiko, pro se in docket No. 15974-99.

Jeremy L. McPherson, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  In these consolidated cases, respondent
determined the following deficiencies in, additions to, and
penalties on petitioners' Federal income taxes:

| Petitioner | Year | Deficiency | Additions to Tax | | Penalty |
| | | | Sec. 6651(a)(1) | Sec. 6654 | Sec. 6662(a) |
| --- | --- | --- | --- | --- | --- |
| MatrixInfoSys | 1995 | $23,789 | -- | -- | $4,758 |
| Trust | 1996 | 23,666 | -- | -- | 4,733 |
| | | | | | |
| Andy Hromiko | 1994 | $20,340 | $5,085 | $1,055 | -- |
| | 1995 | 20,176 | 5,044 | 1,094 | -- |
| | 1996 | 19,447 | 4,862 | 1,035 | -- |
| | 1997 | 18,366 | 4,592 | 983 | -- |

Unless otherwise stated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

We must resolve a basic dispute between the parties: whether certain payments made to a trust, MatrixInfoSys (the trust), on account of services performed by Andy Hromiko (petitioner) should have been returned as income on petitioner's individual tax return. Because respondent adopted "whipsaw" positions in making the determinations against petitioner and the trust, respondent will concede the tax liabilities determined against the trust if the Court concludes that the payments made to the trust are properly taxable to petitioner.

FINDINGS OF FACT

At the time of the filing of the trust's petition, the trust's address was in Roseville, California. Similarly, at the time petitioner filed his petition, he resided in Roseville, California. Before setting out our specific factual

determinations, we describe relevant parts of the procedural histories of the instant cases.

Procedural Histories

    A.    The Trust

On May 12, 1999, Andy Hromiko, in his capacity as trustee, filed a petition for the trust.  In the petition, the trustee alleged that the trust was a business trust entitled to the business deductions claimed on the filed tax returns.[1]  The trustee requested that the matter be transferred to the Internal Revenue Service (IRS) Appeals Office on the ground that the notice of deficiency was incomplete and erroneous, that the trust had been denied its due process under law, and that it had a substantial claim against the IRS under "the Taxpayer Bill of Rights".  Further, the trustee listed 10 affirmative defenses on behalf of the trust:

    1.  Res judicata
    2.  Estoppel
    3.  Waiver
    4.  Duress
    5.  Fraud
    6.  Statute of limitations
    7.  Invalid notice of deficiency not complying
        with the tax code provisions
    8.  The "clean hands" doctrine (unclean hands
        of respondent)
    9.  Illegality
    10. Violation of Taxpayer Bill of Rights

--------

[1]  With regard to petitioner's actions as a fiduciary of the trust, we refer to him as the trustee in this opinion.

On August 19, 1999, the trust's case was calendared for the Court's trial session beginning January 24, 2000, in San Francisco, California.  On November 5, 1999, respondent filed a motion for continuance of trial with regard to the trust's case on the ground that respondent would seek to have the trust's case consolidated with petitioner's individual case (described below); we granted respondent's motion on January 10, 2000.  On May 16, 2000, the trust's case was rescheduled for trial to the San Francisco, California, trial session beginning October 16, 2000.

B.    Petitioner's Individual Tax Case

On October 12, 1999, petitioner filed a petition for redetermination with regard to his 1994, 1995, 1996, and 1997 tax years.  Petitioner asserted that he had not received the income determined by respondent, and therefore he was not liable for the deficiencies and additions to tax described in the notice of deficiency.[2]  Petitioner requested that the matter be transferred to an IRS Appeals Office because the notice of deficiency was allegedly incomplete and erroneous.  In support of his request, petitioner alleged that he had been denied "due process of law" and that he had a claim under the "Taxpayer Bill of Rights" against the IRS.  Finally, petitioner also alleged a laundry list of defenses:

---

[2]  In actuality, respondent determined the deficiencies and the additions to tax relating to petitioner's income taxes for the years in issue in two separate notices.

1. Res judicata
2. Estoppel
3. Waiver
4. Duress
5. Fraud
6. Statute of limitations
7. Invalid notice of deficiency not complying with the tax code provisions
8. Failure of respondent to exhaust administrative remedies
9. Laches
10. The "clean hands" doctrine (unclean hands of respondent)
11. Illegality
12. Failure of jurisdiction over petitioner
13. Violation of Taxpayer Bill of Rights

Lastly, petitioner submitted documents in which it appears that he "revokes" and "rescinds" any agreement with the Government of the United States regarding the Social Security system. On May 16, 2000, the Court calendared for trial petitioner's individual case; the case was placed on the Court's trial session beginning October 16, 2000, in San Francisco, California.

C.   Pretrial Discovery and Proceedings

On July 19, 2000, respondent served petitioner with a formal set of interrogatories. Additionally, on July 19, 2000, respondent served petitioner with a request for admissions of fact (with attached exhibits) and filed a copy with the Court on July 20, 2000. On July 31, 2000, petitioner served respondent with his own request for admissions of fact. On August 29, 2000, petitioner moved this Court to issue a protective order so that he would not have to answer respondent's interrogatories and

requests for admissions of fact.  Petitioner alleged that respondent had failed to show that petitioner had received taxable income.  He contended that there was no evidence to support the determination; therefore, the determination was arbitrary and erroneous, and the burden of proof shifted to respondent.  On August 30, 2000, we summarily dismissed petitioner's claims.  On August 31, 2000, respondent filed his response to petitioner's request for admissions of fact.  On September 5, 2000, because petitioner had failed to respond to respondent's discovery requests, respondent filed a motion to compel responses to respondent's interrogatories.  On September 6, 2000, we granted respondent's motion and ordered petitioner to make full, complete, and responsive answers on or before September 18, 2000.  We warned petitioner that failure to comply with the Court's order could lead to sanctions under Rule 104, including dismissal of the case and entry of a decision against him.  On September 19, 2000, respondent received petitioner's responses, but they were evasive and incomplete.

D.   Motion To Dismiss and October 16, 2000, Trial

On October 2, 2000, respondent filed a motion to dismiss for failure properly to prosecute and for a penalty under section 6673 with regard to petitioner's case.  On October 16, 2000, petitioner filed an opposition to respondent's motion, a response to respondent's request for admissions, and a motion to withdraw

"deemed admitted admissions" and accept petitioner's answers to respondent's admissions. On October 16, 2000, considering petitioner's presence at trial, the Court denied respondent's motion to dismiss and for the imposition of a section 6673 penalty. Although the case was allowed to continue, the Court denied petitioner's motion to withdraw the deemed admissions. At trial on October 16, 2000, the Court consolidated petitioner's case with the trust's case. After a considerable exchange regarding his oath, petitioner testified (in general) that "I think I filed everything I needed to, that I was required to."

Petitioner's Income-Producing Activity

During 1994, 1995, 1996, and 1997, petitioner performed computer analysis and programming services for Duraflame, Inc., and California Cedar Products, Inc. These companies paid for petitioner's services at an hourly rate and made payments directly to the trust.

Petitioner did not file individual Federal income tax returns for 1994 through 1997. Forms 1041, U.S. Income Tax Return for Estates and Trusts, were filed on behalf of the trust for 1994, 1995, 1996, and 1997. Respondent made the following alternative determinations with regard to the trust: (1) The trust is not entitled to various deductions and exemptions; (2) it is a sham; and (3) it is a grantor trust subject to sections 671 through 679. Respondent also determined that the money paid

to the trust is taxable income to petitioner.  At trial, respondent orally renewed his motion that the Court impose a section 6673 penalty on petitioner.

OPINION

A fundamental principle of tax law is that income is taxed to the person who earns it.  See Commissioner v. Culbertson, 337 U.S. 733, 739-740 (1949); Lucas v. Earl, 281 U.S. 111, 114-115 (1930); Johnston v. Commissioner, T.C. Memo. 2000-315.  An assignment of income to a trust is ineffective to shift the tax burden from the taxpayer to a trust when the taxpayer controls the earning of the income. See Vnuk v. Commissioner, 621 F.2d 1318, 1320 (8th Cir. 1980), affg. T.C. Memo. 1979-164.

The Commissioner is not required to apply the tax laws in accordance with the form a taxpayer employs where that form is a sham or inconsistent with economic reality.  See Diedrich v. Commissioner, 457 U.S. 191, 195 (1982); Higgins v. Smith, 308 U.S. 473, 477 (1940).  Where an entity is created that has no real economic effect and which affects no cognizable economic relationships, the substance of a transaction involving this entity will control over the form.  See Zmuda v. Commissioner, 731 F.2d 1417, 1420-1421 (9th Cir. 1984), affg. 79 T.C. 714, 719 (1982); Markosian v. Commissioner, 73 T.C. 1235, 1241 (1980). These principles apply even though an entity may have been properly formed and have a separate existence under applicable

local law.  See <u>Zmuda v. Commissioner</u>, 79 T.C. at 720; <u>Vercio v. Commissioner</u>, 73 T.C. 1246, 1253 (1980).

Petitioner does not dispute that the amounts paid to the trust were on account of his personal services.  Petitioner simply argues that the trust earned the payments related to his services and that the trust is bona fide.  On the basis of the record before us, we conclude that petitioner was the true earner of the amounts paid and that petitioner established the trust as a mechanism to avoid tax.  Consequently, we hold that the trust should not be respected for Federal income tax purposes and that the money paid to the trust is taxable income to petitioner.[3]

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1).  Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.  Petitioner did not file any returns for the years in issue or present evidence indicating that his failure to file was due to reasonable cause and not due to willful neglect.  See Rule

---

[3]  Because we rule against petitioner with regard to respondent's determinations against him, we accept respondent's concession related to the determinations against the trust.

142(a). Accordingly, we sustain respondent's determination regarding this matter.

Respondent also determined that petitioner is liable for additions to tax under section 6654 for failure to make estimated tax payments. Petitioner did not offer any evidence relating to this issue. See Rule 142(a). We therefore sustain respondent's determination as to the additions to tax under section 6654.

Finally, we reconsider whether petitioner has engaged in behavior that warrants the imposition of a penalty pursuant to section 6673. Section 6673(a) authorizes this Court to penalize a taxpayer who (1) institutes or maintains a proceeding primarily for delay, (2) pursues a position in this Court which is frivolous or groundless, or (3) unreasonably fails to pursue available administrative remedies. Petitioner's conduct throughout this proceeding has convinced us that he instituted and maintained this proceeding primarily for delay and pursued a position that was frivolous and groundless.

From the filing of his petition to the submission of his brief, petitioner has devoted much of his time to shopworn arguments characteristic of the tax-protester rhetoric that has been universally rejected by this and other courts. We refuse to painstakingly address petitioner's assertions "with somber reasoning and copious citation of precedent" because "to do so might suggest that these arguments have some colorable merit."

Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Williams v. Commissioner, 114 T.C. 136, 139 (2000).  Petitioner has wasted the time and resources of this Court.  Accordingly, we shall impose a penalty of $12,500 on petitioner pursuant to section 6673.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent in docket No. 15974-99, and an order and decision will be entered for petitioner in docket No. 8897-99.