## A. BACKUS, JR., & SONS, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

### Docket No. 3777.   Promulgated March 24, 1927.

1. The claim of the petitioner to the deduction from the gross income of 1920 of $8,000 for traveling expenses incurred prior to 1915, and for the deduction of $6,200 for 11 years' interest on an advance to the corporation of $10,000 in 1909, was properly disallowed by the Commissioner.

2. Proper rates of depreciation upon depreciable assets for the years 1917 to 1921, inclusive, determined.

*Wm. A. Wessel, C. P. A.*, for the petitioner.
*C. H. Curl, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits taxes as follows:

| | |
|---|---:|
| 1917 | $519. 62 |
| 1918 | 1, 036. 04 |
| 1919 | 2, 451. 33 |
| 1920 | 10, 313. 83 |
| 1921 | 1, 448. 89 |
| | 15, 769. 71 |

The points in dispute are (1) the deductibility of certain traveling expenses and interest charged upon the books in 1920, and (2) proper rates of depreciation upon depreciable assets for the years 1917 to 1921, inclusive.

### FINDINGS OF FACT.

The petitioner is a Michigan corporation which was incorporated prior to 1900. Substantially all of the stock was owned by two brothers, Henry N. Backus and Newton D. Backus. About the year 1900, Henry N. Backus assigned all but two of his shares of stock to Newton D. Backus and Newton D. Backus had the management and control of the corporation from about 1900 to 1915, when Henry N. Backus reacquired his stock from his brother. During this period Henry N. Backus was in the employ of the corporation and personally expended money for traveling expenses in connection with the sale of the corporation's products. He insisted upon the corporation reimbursing him for traveling expenses but the corporation refused to do so. In 1909 the corporation acquired certain real estate. Henry N. Backus personally paid $10,000 of the purchase price thereof.

There was continual quarreling between Henry N. Backus and his brother with respect to the affairs of the corporation. When the

former reacquired his shares of stock from the latter in 1915, he owned in excess of 50 per cent of the total stock and acquired control of the corporation. He then wanted to make entries on the books of the amounts that he claimed were due him. His brother strenuously objected to having such charges made. A number of conferences were had between the two brothers in 1915 and 1916 relative thereto. In 1917 the corporation instituted a suit against Newton D. Backus for an accounting, claiming that he had misappropriated some of the assets of the corporation. Immediately thereafter Newton D. Backus brought injunction proceedings against the officers and directors of the corporation to prevent them from making any changes in the corporation's books of account. The two suits were carried through the courts and not tried until the year 1920. While the suits were being tried and before any decision had been rendered therein, Henry N. Backus purchased his brother's shares of stock in the corporation and the suits were then discontinued. Subsequent to this settlement, and under date of August 31, 1920, a meeting of the directors of the petitioner corporation was held at which it was voted to charge upon the books of account as traveling expenses an amount of $8,000, to reimburse Henry N. Backus for amounts alleged to have been spent by him for traveling expenses prior to 1915, and $6,600 for 11 years' interest upon $10,000 from 1909.

In its income-tax return for 1920 the petitioner deducted from gross income the above-named amounts of $8,000 for traveling expenses and $6,600 for interest upon indebtedness. In auditing the return the respondent disallowed the deduction of the $8,000 for traveling expenses, and $6,200 of the $6,600 claimed as interest paid on indebtedness.

The petitioner's books of account during all of the years 1915 to 1921, inclusive, were kept upon the accrual basis.

In making his determinations of deficiencies for the taxable years involved, the respondent allowed depreciation at the following rates:

|  | Per cent. |
|---|---|
| Buildings | 3 |
| Machinery and equipment | 5 |
| Furniture and fixtures | 10 |

The machinery consisted of planing machines, saws, knitting machines, and other machinery peculiar to the petitioner's business. The furniture and fixtures account included an iron safe of a value of $200, typewriters, adding machines, desks, chairs, files and things of that kind.

### OPINION.

SMITH: The petitioner alleges error on the part of the respondent in disallowing, as deductions from gross income for the year 1920,

$8,000 for traveling expenses and $6,200 for interest upon an alleged indebtedness of the corporation to Henry N. Backus of $10,000 from 1909. The answer of the respondent admits that, during the years of control by Newton D. Backus, Henry N. Backus personally expended money for traveling expenses in connection with the sale of the corporation's products, but for want of information or knowledge sufficient to form belief as to the amount of such expenditures neither admits nor denies the amount thereof but calls for strict proof of such amount; it further admits "that in 1909 land was acquired by the taxpayer at a cost of $15,000 of which amount said Henry N. Backus personally paid $10,000."

At the time Henry N. Backus personally expended money for traveling expenses and advanced money for the acquisition of real estate, title to which was apparently taken in the name of the corporation, the corporation denied liability to him in respect of the traveling expenses and of the money advanced for the purchase of the real estate. In 1915 Henry N. Backus acquired control of the corporation and a new board of directors and new officers were elected who were responsive to his will. No steps were immediately taken, however, to charge upon the books of account amounts alleged by Henry to be due to him. In 1920 Henry acquired practically 100 per cent of the stock of the corporation. It was then that there was placed upon the books an amount of $8,000 for traveling expenses for Henry and an amount of $6,600 for interest upon the $10,000 advanced by him in 1909 for the purchase of real estate. Although the answer of the Commissioner demanded strict proof of the amount of money spent for traveling expenses the evidence as to the amount spent is entirely lacking. Neither is the Board advised as to the amount of traveling done nor is it in possession of any information which would enable it to approximate the amount spent. Furthermore, there is no proof that the corporation was ever under any liability to pay interest upon the $10,000 advanced by Henry in the purchase of real estate in 1909. With respect to the real estate transaction it appears that Henry thought the corporation should own certain real estate and his brother, who was in control of the corporation and of the corporation's books of account, thought otherwise and refused to allow the corporation to pay more than $5,000 for the property. Henry, without any authority from the corporation or from his brother, advanced the money and acquired the property. We can not determine from the evidence that there was ever any liability on the part of the corporation to pay Henry N. Backus for traveling expenses or for interest upon the money invested. So far as the record shows, the charges made upon the books of account in 1920 were simply a distribution to Henry N.

Backus, who owned practically 100 per cent of the stock, of the profits or earnings of the corporation. Upon the record the disallowances made by the respondent must be affirmed.

With respect to proper rates for depreciation it appears that the revenue agent allowed depreciation at the following rates:

|  | Per cent. |
|---|---|
| Buildings | 4 |
| Machinery and equipment | 10 |
| Furniture and fixtures | 10 |

These were reduced by the Commissioner to the following percentages: 3 per cent, 5 per cent, and 8 per cent, respectively. At the hearing the petitioner conceded the correctness of the 3 per cent rate on buildings. The evidence indicates that depreciation upon machinery and equipment, and furniture and fixtures was sustained at the rate of 10 per cent per annum upon each class of assets. The deficiencies should be redetermined by allowing depreciation at the following rates:

|  | Per cent. |
|---|---|
| Buildings | 3 |
| Machinery and equipment | 10 |
| Furniture and fixtures | 10 |

*Judgment will be entered on 15 days' notice, under Rule 50.*