## HOWELL v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11807.

Circuit Court of Appeals, Fifth Circuit.

May 23, 1947.

HUTCHESON, Circuit Judge, dissenting.

Robert R. Milam and Warren F. Wattles, both of Jacksonville, Fla., for petitioner.

Newton K. Fox, Irving I. Axelrad, and A. F. Prescott, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Claude R. Marshall, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for respondent. CONTRA.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

This case concerns the individual income taxes for the year 1940 of D. F. Howell as respects an item of $27,058.75, which on December 26, 1940, he paid as interest due on a large indebtedness to Howell Turpentine Company which was then in the course of dissolution. Howell owned 85% of the Company's stock. He in his tax return deducted the payment as interest paid, and the Company in its tax return included it as income received. The Commissioner disallowed the deduction, explaining briefly that "no liability for the payment of such interest existed." He did not, however, exclude the payment from the income of the Company. He treated it as income to the Company, and as a part of its assets which were on December 27, 1940, actually distributed to its stockholders, and charged Howell with the 85% he got as a dividend in distribution, in ascertaining and taxing his long term capital gain on his stock in the Company. Howell in his petition to the Tax Court set forth these actions, and exhibited the Company's petition, and alleged that under Florida law interest was due as an incident to the debts at 8%, but that there was an agreement that interest should be paid at 6%; that on certain debts it was agreed that no interest should be charged, but no such agreement was made as to the indebtedness on which the $27,058.75 was figured at 6% and paid. Besides error claimed in

the adverse actions of the Commissioner, the petition assigned expressly as error "The Commissioner's failure to treat consistently the interest item of $27,058.75," and prayed "that proper judgment be entered with respect to the inconsistencies followed by the Commissioner in regard to the interest item and tax item above specified." The whole Tax Court heard and decided Howell's and the Company's petitions together. On the present issue the factfinding was that the indebtedness was a fluctuating book account running from January 1, 1931, and that up to December, 1940, Howell was charged on the books with no interest and the Company reported none; that in December, 1940, when the settlement of the Company's affairs was under discussion the Company's auditor computed at 6% interest on the average yearly balances, amounting to $27,058.75 and charged it on the books, "at which time D. F. Howell was advised by his attorneys that the corporation had the right to charge interest and he agreed to pay it." There was also an indebtedness by a note which on its face drew interest at 6%, but soon after it was given the Company by formal resolution waived the interest and none was charged or paid on it. In the opinion rendered by the Tax Court and as a matter of inference from the facts found the Court held that there was a mutual understanding that no interest was to be paid, that none was owing, and no deduction was allowable for the payment. This conclusion of fact stands. Its proper consequences become the question.

The first consequence, not resisted, was held by the Tax Court to be that "the amount should not be included in income of the corporation." No other consequence was discussed by it. Howell thereupon filed a recomputation, calling specific attention to the fact that his liquidating dividend ought to be reduced by the $27,058.75 which was held not realized by the Company and not proper to be included in its assets for distribution. This recomputation was rejected without further discussion. By a motion for rehearing this point was made again, and an alternative consequence urged that if the $27,058.75 was not income to the Company it must be treated as an additional contribution to its capital, increasing the cost of his stock by that amount, which was rejected without opinion. The questions presented to this court are those presented in the motion for rehearing.

■ 1. The fact findings and opinion on this question were made by all the judges. The action upon the recomputation and motion for rehearing appears to be that of a single judge. We feel some uncertainty as to the weight we ought to give to his action as an interpretation of the intention of the full court, and some greater freedom in dealing with it, though it comes to us as the judgment of the court. The court has certainly determined that Howell did not owe the interest because of an implied understanding that none would be charged. It found, too, that he paid it believing he owed it and was so advised by his counsel. The advice as to the law was correct under the law of Florida. Sullivan v. McMillan, 37 Fla. 134, 19 So. 340, 53 Am.St.Rep. 239. There was thus no mistake of law. The mistake was as to the circumstances having raised an inference of an implied agreement to waive the law. That inference is a matter of fact, and the payment was made because of a mistake about that fact. For this reason the Company, as between it and Howell, ought not to be allowed to keep the money. 40 Am.Jur., Payment, § 187, 189. But that is not the precise question here, for the Commissioner is the contender against both. The consistency of his positions as a litigant is the question. He has successfully contended that the payment was not a payment of interest because on a fact finding since made none was owing. He tried to hold it nevertheless as income to the Company. The full Tax Court has said consistency requires that he take it out of income. We think this tantamount to saying the money did not become the money of the Company for tax purposes, as it was paid only as interest. It would then follow that in distributing it, still under the belief that it had received it properly as interest and as its income, the Com-

318

pany distributed $27,058.75 which ought to have been paid back to Howell. It was no proper part of the liquidating dividend, and the 85% of it which Howell got ought not to be treated as a liquidating dividend in taxing him. The Tax Court rightly held the Commissioner to consistency and fairness as far as it went, but overlooked or finally failed to carry them as far as it should.

2. We think the money was mistakenly paid as interest, and that it ought not to be treated as belonging to the Company. But if the Company can keep it, since it was not intended as a gift by either party, but as a business act, it could fairly be treated as a contribution to capital, though this was not the real intention. This fictional treatment is to be preferred to the present status where Howell pays tax on the receipt of 85% of this money which had been in the hands of this Company only a day, and we think under the Tax Court's finding never justly belonged to it at all.

The matter is remanded for further proceedings by recomputing the tax in accordance with this opinion.

Reversed.

HUTCHESON, Circuit Judge (dissenting).

The majority opinion correctly states that petitioner voluntarily and on the advice of his counsel, that he owed the money as interest, paid to his corporation $27,-058.75, and that the corporation later distributed this sum to him and to his sons as a liquidating dividend. Asked, "Now, as a matter of fact, by making this payment of interest to the corporation, you had it figured out that it would save considerable taxes, did you not?" Howell answered, "It was understood that it would save taxes on it. That is true." I cannot see how the taxpayer can now successfully contend that money which he paid his corporation, not only voluntarily but pursuant to a deliber-

ately thought out plan, money which the corporation thereafter distributed to him and the other stockholders as part of a liquidating dividend, was not in fact and in law the property of the corporation and that he is not liable to a tax on it. The determinations of the Tax Court, that petitioner could not claim a deduction for it as for interest paid and that the corporation could not be held liable for it as for interest received, of which the majority makes so much, seem to me to be wholly without bearing upon the determination of the sole question presented here. That question is, "Was the money actually paid to the company as its money with the intention that it should receive it and 'deal' with it as its own, and was it paid out by the company as a liquidating dividend?" To this question the record admits only of the answer that it was. The first two determinations are not before us for review, as neither Howell nor the commissioner has appealed from them. If they were, I should be constrained to hold that probably as to Howell and certainly as to the corporation, the Tax Court's determinations were incorrect in law. I cannot see how the fact that the Tax Court has incorrectly determined these two issues can furnish a basis for reversing its correct determination and requiring it to make a wrong determination in respect of the one actually before us. We said in Planters' Cotton Oil Co. v. Hopkins, 5 Cir., 53 F.2d 825, at page 827: "Fraudulent pretense absent, the government accepts the taxpayer as it represents itself to be, and one may not, chameleon-like, change that appearance to suit his necessity or his convenience." In Commissioner v. Greenspun, 5 Cir., 156 F. 2d 917, we held that the taxpayer could not play fast and loose with the government, and that having put the shoe on, he must wear it though it pinches. We should make the same holding here. I think the Tax Court's determination was right and that it should be affirmed. I respectfully dissent from its reversal.