Peter M. WINTER and Catherine B. Winter, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 316–89T.

United States Claims Court.

Aug. 29, 1991.

Jerome R. Rosenberg, New York City, for plaintiffs.

William K. Drew, with whom were Asst. Atty. Gen. Shirley D. Peterson, Mildred L. Seidman, and David Gustafson, Washington, D.C., for defendant.

## OPINION

BRUGGINK, Judge.

The issue raised in the complaint is whether, under the holding of the Supreme Court in *Dickman v. Commissioner,* 465 U.S. 330, 104 S.Ct. 1086, 79 L.Ed.2d 343 (1984), an intra-familial interest-free demand loan gives rise to an interest deduction to the borrower measured by the reasonable value of the use of the money lent? Pending before the court are the parties' cross-motions for summary judgment. Oral argument is deemed to be unnecessary. For the reasons discussed below, the court concludes that defendant's motion is due to be granted.

## FACTUAL BACKGROUND

On December 11, 1981, plaintiff, Peter M. Winter,[1] together with his brothers Frank C. Winter and Thomas G. Winter, in their respective capacities as conservators of the person and estate of their mother Clare M. Phillips, petitioned the Superior Court of California, County of San Diego, for an order authorizing them to lend $600,000 of the conservatorship funds "to each of the three sons of the conservatee ... such loan to be evidenced by a demand promissory note executed by the recipient, the note to bear no interest." Clare M. Phillips, the conservatee, joined in the petition for this order and the relief requested therein.

On February 1, 1982, the court granted the conservators' petition and authorized the execution of the non-interest bearing loans of $600,000 to each son. The loans were executed and evidenced by a demand promissory note dated February 1, 1982, which provided that such loans were interest-free and payable on demand to the conservatorship of Phillips or to its order. As of December 31, 1983, the interest-free demand loan made to plaintiff was outstanding, no payment thereon having been made by plaintiff.

On June 27, 1985, plaintiff filed amended returns for taxable years 1982 and 1983 seeking refunds of income tax in the amounts of $29,150 and $10,325. These claims for refund were grounded on the allegation that plaintiff was entitled to an interest expense deduction with respect to the interest-free loan from his mother under the rationale of the Supreme Court's holding in *Dickman.* It is plaintiff's contention that because the *Dickman* decision imposes a gift tax on the lender for the foregone value of the interest on the loan, the decision should be construed as granting the borrower an interest deduction pursuant to section 163 of the Internal Revenue Code of 1954.[2]

The IRS denied plaintiff's refund claims. Plaintiff then timely filed the complaint in the instant proceeding seeking return of $49,520.64 in assessed income taxes, penalties and interest paid with respect to taxable years 1982 and 1983.

## DISCUSSION

Section 163(a) of the Internal Revenue Code provides: "There shall be allowed as a deduction all interest paid or accrued

---

1. Plaintiff Catherine M. Winter is a party to this proceeding because the plaintiffs filed joint federal income tax returns for the years in suit. The material facts, however, related to Peter M. Winter. For simplicity, Peter Winter will be referred to as "plaintiff."

2. Because the years in suit in the instant case antedate the Tax Reform Act of 1986, references to the Internal Revenue Code provisions at issue will be to the Code of 1954.

within the taxable year on indebtedness." That section's requirement of payment or accrual of interest would seem to foreclose a deduction under the present circumstances. Plaintiff neither was obligated to pay interest nor paid any interest during the years in suit. Moreover, for several years, the decision by the Tax Court in *Dean v. Commissioner*, 35 T.C. 1083 (1961), followed by the Federal Circuit in *Hardee v. United States*, 708 F.2d 661 (Fed.Cir.1983), has been construed to preclude deduction of imputed interest on interest-free loans. A change in the law with respect to treatment of gift tax, however, has prompted plaintiff to challenge the prevailing rule in this case of first impression.

The issue in *Dean* was whether the taxpayers therein realized income, under section 61, with respect to the economic value of the use of over two million dollars lent to them without interest by the corporation they controlled. The IRS argued that the taxpayers realized income to the extent of the economic benefit derived from the free use of the borrowed funds and that such economic benefit was equal to the prime rate of interest. The court held that "no taxable income is realized in such circumstances," 35 T.C. at 1089, while reasoning that nothing should be included in gross income because if the taxpayers had paid interest, they would have been entitled to a corresponding deduction for interest paid under Section 163. *Id.* at 1090.

We have heretofore given full force to interest-free loans for tax purposes, holding that they result in no interest deduction for the borrower, *A. Backus, Jr. & Sons*, 6 B.T.A. 590; *Rainbow Gasoline Corporation*, 31 B.T.A. 1050; *Howell Turpentine Co.*, 6 T.C. 364, reversed on another issue, 162 F.2d 316 (C.A.5); *D. Loveman & Son Export Corporation*, 34 T.C. 776, nor interest income to the lender, *Combs Lumber Co.*, 41 B.T.A. 339; *Society Brand Clothes, Inc.*, 18 T.C. 304; *Brandtjen & Kluge, Inc.*, 34 T.C. 416. We think it to be equally true that an interest-free loan results in no

taxable gain to the borrower, and we hold that the Commissioner is not entitled to any increased deficiency based upon this issue.

*Id.* (footnote omitted) Thus, the court found that the terms of an interest-free loan are given effect for income tax purposes and result in neither taxable income nor a deduction.[3]

In *Greenspun v. Commissioner*, 72 T.C. 931 (1979), which involved a below-market interest loan, the Tax Court reaffirmed and explained the *Dean* rationale. The court noted that in *Dean*, the court's "finding of no taxable income to the taxpayers was not grounded on the imputed interest deduction, but rather was based on the conclusion that 'an interest-free loan results in no taxable gain to the borrower.'" *Id.* at 946 (quoting *Dean*, 35 T.C. at 1090). The court in *Greenspun* held that "no income subject to taxation was realized from the receipt of the loan proceeds." *Id.* The court noted, however, that

by excluding from gross income the clear economic benefit realized upon the receipt of a low- or no-interest loan to a shareholder or employee, in *Dean* we properly sought to place such a transaction on a tax parity with interest-bearing loans accompanied by an increase in dividends and salary .... if petitioner were required to include as income the economic benefit associated with the loan, he would be deemed to have simultaneously paid an amount of interest equal to the income so reported. Under our facts, such interest would in turn have been fully deductible under section 163(a), the same as if it actually had been charged and paid.

*Id.* at 949–50.

Plaintiff's complaint here rests on the subsequent decisions of the Eleventh Circuit and the Supreme Court in *Dickman v. Commissioner*. In *Dickman*, the taxpayers made substantial interest-free demand loans to their son and to a closely held family corporation. Rejecting a line of de-

---

**3.** The result in *Dean* has been accepted by the Federal Circuit in *Hardee*, 708 F.2d at 661. There the court held that an interest-free loan

from a closely-held corporation to its majority shareholder and president did not result in taxable income to the taxpayer.

cisions of the Tax Court and other circuits, the Eleventh Circuit held that the economic benefit resulting from an inter-familial interest-free loan may be a taxable gift for federal gift tax purposes. *Dickman v. Commissioner*, 690 F.2d 812, 819 (11th Cir. 1982). The Supreme Court affirmed. 465 U.S. at 330, 104 S.Ct. at 1086. The Court noted that "[t]he statutory language of the federal gift tax provisions purports to reach any gratuitous transfer of any interest in property." *Dickman*, 465 U.S. at 333, 104 S.Ct. at 1089.

Plaintiff places great reliance on the Court's description of the implicit economic events occurring during an interest free loan.

> The Commissioner's [gift] tax treatment of interest-free demand loans may perhaps be best understood as a two-step approach to such transactions. Under this theory, such a loan has two basic economic components: an arm's-length loan from the lender to the borrower, on which the borrower pays the lender a fair rate of interest, followed by a gift from the lender to the borrower in the amount of that interest. See *Crown v. Commissioner*, 585 F.2d 234, 240 (CA7 1978).

*Id.* at 335 n. 5, 104 S.Ct. at 1090 n. 5. From this explanation, plaintiff concludes that the Court has adopted an "economic equivalence" analysis and that prior income tax cases in this area are no longer controlling on the issue presented here. He maintains that

> if the Commissioner's theory of the case in *Dickman* was sound enough to support the imposition of a gift tax on the second economic component of the transaction (the gift from lender to borrower of the fair rate of interest on the loan), it should be sound enough in the present context to support a deduction for income tax purposes for interest with respect to the first economic component of the transaction (the payment by the borrower to the lender of a fair rate of interest).

Brief of April 2, 1991 at 16.

Having paused long enough at *Dickman* to borrow the notion of the fictional grant of interest, plaintiff then retreats to the *Dean* decision to utilize the fictional interest payment in the context of the income tax laws:

> *Dean* stands for the proposition that, due to the income tax nature of interest payments, the tax treatment to be afforded an interest-free loan can only be determined by placing such loan on a tax parity with an interest-bearing loan under similar circumstances.

Brief of May 23 at 4. Rather than try to characterize plaintiff's argument, the court once again adverts to the plaintiff's own explanation of how the two cases combine to produce the desired deduction:

> From the standpoint of the borrower, the same consequences result from ... an inter-familial interest-free demand loan in the context of the gift tax as in the context of the income tax—i.e., the borrower is entitled to a deduction equal to the economic equivalent of the fair value of the use of the money loaned. The transactions differ, as the Eleventh Circuit notes, only in the fact that under the gift tax statute no offset deduction is available to the taxpayer-lender. Plaintiffs contend that under this line of reasoning, Peter M. Winter, as a borrower, is entitled to the deduction claimed.

Brief of April 2, 1991 at 19–20. The reference to the circuit court opinion is to footnote 8 in which the court attempts to square the result in the gift tax context with the *Dean* line of cases. The Eleventh Circuit points out that *Dean* and *Greenspun* both refer to the economic equivalence of an interest-free loan to the payment of a higher salary (to pay the interest) along with a deduction of the interest from taxable income. 690 F.2d at 819 n. 8. Because the gift tax has no comparable treatment for the interest that would have been paid had the donor given cash in lieu of the interest value of the loan, the court concludes that, in the absence of an offset, the lender must pay a gift tax. *Id.* From these comments the plaintiff constructs his argument that, if the gift is going to be

taxed, there should be a corresponding deduction in the donee.

There are a number of defects with this analysis. The most obvious is that plaintiff has not constructed a syllogism. It does not logically follow that, merely because the gift tax applies to the donor, that an income tax deduction descends upon the donee. Rather, plaintiff is attempting to cobble together a significant change in interpretation of section 163 by drawing on comments from controversial and problematic decisions interpreting two separate code sections. Moreover, as defendant points out, the analysis in an income tax context involves only one individual, the donee, whereas plaintiff's reliance on gift tax discussion in an income tax context introduces a second individual, the donor. Consequently, analysis drawn from *Dean* and *Greenspun* concerning economic equivalence in effect on a single donee is not on point when considering two taxpayers.

In addition, plaintiff's point of departure, the language in *Dickman* quoted above, is taken completely out of context. Nowhere in its opinion does the Supreme Court state that an imputed interest payment on an interest-free loan would be deductible under section 163. *Dickman* is a gift tax case and the focus of that opinion is on the lender, not the borrower. Although an interest-free loan may result in a gift tax to the lender, it does not inexorably follow that the borrower is entitled to a tax deduction.

Moreover, plaintiff reads far too much significance into the Court's dissection of the theoretical components of a gift of an interest-free loan. First, the Court itself does not use that model to justify its result. Rather, the holding in *Dickman* is grounded squarely on the statutory language of section 2501. Plaintiff is wrong, therefore, in asserting that "the *Dickman* holding . . . is dependent on the existence of the first economic component—the payment by the borrower to the lender of the fair rate of interest; i.e. without such payment the subject matter of the gift would not exist." Brief of May 23, 1991 at 3.

Second, there is no blinking the fact, as the Court points out, that the net economic reality at the time of the initial transaction is that the recipient of the loan has received property with tangible value, yet given nothing in exchange. The plaintiff's reliance on the "first economic component" of the Court's illustration ignores the fact that the Court was obviously not contemplating, much less holding, that in fact a transfer of interest takes place. The first component is a fiction, used for illustrative purposes only. The net result of the loan is that the recipient receives something for nothing, i.e., a gift. Even if the first half of the transaction has some analytical utility, it has to be conceded by plaintiff that whatever interest obligation is in theory generated initially is then forgiven by the lender. The borrower gets back what is given initially. The Supreme Court has taught on numerous occasions that it is the substance of a transaction that controls its tax consequences. *See, e.g., Diedrich v. Commissioner*, 457 U.S. 191, 196, 102 S.Ct. 2414, 2418, 72 L.Ed.2d 777 (1982); *Commissioner v. Court Holding Co.*, 324 U.S. 331, 65 S.Ct. 707, 89 L.Ed. 981 (1945); *Gregory v. Helvering*, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935). In addition, plaintiff's insistence on a literal application of the idea that interest is passing from the borrower to the lender is fundamentally at odds with *Dean*, which holds that the transaction is taken at face value, i.e., the lender receives no interest.

Finally, the Supreme Court makes no reference to the Eleventh Circuit's analysis of income tax cases in footnote 8. There is no reason to infer from the Court's holding that the result was dependent on the *Dean* line of cases. This court's reading of the footnote is that the court was looking for a principled basis for distinguishing the income tax cases, and was not drawing on them for direct support. In addition, plaintiff's argument proves too much. If he is correct that the result, at least before the circuit court, was dependent on the unavailability of a corresponding nullification to the imposition of a gift tax, the reintroduction of a deduction for income tax purposes of the imputed interest weakens the assumption behind plaintiff's analysis, at

least when considering the transaction as a whole.

Moreover, the footnote in the circuit court opinion in *Dickman* notwithstanding, the Federal Circuit's adoption of the result in *Dean* is somewhat inconsistent with this narrow a reading of the Tax Court opinion. The facts of *Hardee* were different than those in *Dean* and *Greenspun.* In the Federal Circuit case, loan proceeds were used to purchase tax exempt securities. As the dissent in *Hardee* points out, interest on a loan used to purchase such securities is not deductible, section 265(a)(2), thus the rationale for *Dean* provided in *Greenspun,* and recognized by the Eleventh Circuit in *Dickman v. Commissioner,* 690 F.2d 812, 819 n. 8 (11th Cir.1982), would not seem to have been applicable to the majority opinion.

Consequently, plaintiff's deduction is constructed upon false premises. This court will not construe the dicta in *Dickman* as an instruction to recognize as fact what is in reality fiction—the payment of interest by the donee of an interest-free loan. Plaintiff has neither paid nor accrued interest and is not entitled *to* a deduction under section 163.

## CONCLUSION

For the reasons expressed above, plaintiff's motion for summary judgment is denied and defendant's motion is granted. The Clerk is directed to dismiss the complaint. No costs.