972 F.2d 1355
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Peter M. WINTER and Catherine B. Winter, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5020.
 United States Court of Appeals, Federal Circuit.
 June 30, 1992.
 
 Before ARCHER, LOURIE and CLEVENGER, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Peter M. Winter and his wife, Catherine B. Winter, appeal the August 29, 1991 judgment of the United States Claims Court, which, on cross-motions for summary judgment, granted the United States' motion. The court held that an intra-familial interest-free demand loan does not give rise to an interest deduction for the borrower under section 163(b) of the Internal Revenue Code.[1] See Winter v. United States, 23 Cl.Ct. 758 (1991). We affirm.
 
 DISCUSSION
 
 2
 We review the grant of summary judgment by the Claims Court de novo. Turner v. United States, 901 F.2d 1093, 1095 (Fed.Cir.1990). The only issue before us is whether the Claims Court was correct in holding that an interest deduction is not available to the Winters after they received an interest-free intra-familial loan. The Winters do not dispute that the loan was interest-free and that they in fact paid no interest on it. Rather, the Winters argue that the Claims Court erred in refusing to allow them to take an income tax deduction for imputed interest.
 
 
 3
 Section 163(a) of the Internal Revenue Code provides: "There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness." (Emphasis added.) Because the Winters were under no obligation to pay any interest and, in fact, they neither paid nor accrued interest, under the plain language of Section 163, a deduction is foreclosed.
 
 
 4
 The Winters argue, however, that this case is an exception to the general rule of Section 163 and that this Court is bound by the Supreme Court's decision in the gift tax case of Dickman v. Commissioner, 465 U.S. 330 (1984). The Winters assert that Dickman implicitly requires that a borrower of an interest-free loan be allowed a deduction for federal income tax purposes for the interest theoretically paid by the borrower to the lender. The Winters further contend that a deduction is particularly compelled in this case because the lender amended her tax return to include as income an amount equal to the fair value of the use of the money lent (i.e., hypothetical interest). We disagree. The Supreme Court never addressed the issue presented by the Winters and we do not believe that Dickman governs this case.[2]
 
 
 5
 In Dickman, the Supreme Court dealt with the statutory and policy considerations underlying gift tax treatment of interest-free loans, and held that the donor of an intra-familial interest-free loan was subject to a gift tax on the value of the use of the money lent. The Court, in a footnote, analogized the interest-free demand loan in the context of the gift tax to the situation where a lender makes an arms-length loan to a borrower, who pays the lender a fair rate of interest, followed by a gift from the lender to the borrower in the amount of that interest. Dickman, 465 U.S. at 335-36 n. 5. Thus, argue the Winters, the imputation of a gift ought to be matched by the imputation of interest paid. This is especially so when the donor has declared imputed interest on her income tax return.
 
 
 6
 However, as the Claims Court correctly stated, "[i]t does not logically follow that, merely because the gift tax applies to the donor [i.e., the lender here], that an income tax deduction descends upon the donee [i.e., the borrower here]." Winter, 23 Cl.Ct. at 762. Dickman does not speak to an income tax situation. A gift tax, a tax on the transfer of wealth, falls upon a different type of economic event than does income tax, which is a tax on the creation of wealth. The analytical justification for the holding of a gift tax in Dickman does not compel a deduction for interest imputed to a borrower under the income tax statute.
 
 
 7
 To bridge the gap between the gift tax involved in Dickman and the income tax, the Winters look to the United States Tax Court's decision in Dean v. Commissioner, 35 T.C. 1083 (1961). There, the Tax Court held that interest-free loans result in neither interest deductions nor income to the borrower, and it therefore rejected the Commissioner's attempt to subject the borrower to income tax on the value of the use of the loan. The court observed that even if the borrower had been subject to tax on the theoretical receipt of imputed interest, he would also have been entitled to a deduction based on the theoretical payment of that imputed interest to the lender, thereby resulting in a tax "wash." Id. at 1090.
 
 
 8
 The Winters cite this observation in Dean, argue that interest was imputed in Dickman in order to impose a gift tax, and conclude that under Dean and Dickman interest must be considered to have been paid for income tax purposes and that interest is therefore deductible. However, the gift in Dickman was the use of the money lent, a single transaction. See Dickman, 465 U.S. at 338. Although noting in footnote 5 that the IRS's theory was that the interest-free loan was two transactions, the payment of interest followed by a gift of that interest, the court did not find it necessary to construct two transactions to uphold the gift tax imposed. Similarly, the holding in Dean was that there was no imputed income or deduction. Finally, this court has also held that interest-free loans result in no income tax consequences to the borrower, i.e., the borrower is not required to recognize income based upon imputed interest and he is not entitled to claim a deduction based upon imputed interest. See Hardee v. United States, 708 F.2d 661 (Fed.Cir.1983).
 
 
 9
 Finally, even though the lender here reported as income the value of the money lent, she was not required to do so. One cannot voluntarily incur a non-statutory tax in order to justify creation of a possibly more advantageous deduction elsewhere. We decide issues of deductibility under the income tax laws as matter of statutory interpretation; carving out a broad exception to the plain language of Section 163 is the responsibility of Congress. See United States v. Byrum, 408 U.S. 125, 135 (1972) (Congress is better equipped than the judiciary to determine the type of conduct which results in tax consequences). The Claims Court correctly rejected the Winters' attempt to construct an exception to the plain language of Section 163.
 
 
 10
 In summary, we hold that the Claims Court did not err in concluding that the recipient of an interest-free loan, having neither paid nor accrued interest, and having no obligation to do so, is not entitled to deduct imputed interest under Internal Revenue Code Section 163. We affirm.
 
 
 
 [1]
 All references herein are to the Internal Revenue Code of 1954, as amended, which is applicable to the tax years 1982 and 1983 here involved
 
 
 [2]
 We note that in 1984, Congress put the entire question of loans having below market interest rates on a statutory footing by adding I.R.C. § 7872. Tax Reform Act of 1984, Pub.L.No. 98-369, § 172, 98 Stat. 494, 699. However, the effective date of Section 7872 was June 6, 1984, which makes it inapplicable to this case, involving the 1982 and 1983 tax years